**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 01-4754

ERIC L. JACKSON, a/k/a Tango,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., District Judge.
(CR-01-4)

Submitted: April 29, 2003

Decided: May 20, 2003

Before WIDENER, LUTTIG, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Jeffrey Alan Holmstrand, MCDERMOTT & BONENBERGER, P.L.L.C., Wheeling, West Virginia, for Appellant. Robert H. McWilliams, Jr., Acting United States Attorney, Sam G. Nazzaro, Assistant United States Attorney, Sharon L. Potter, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Eric L. Jackson appeals his conviction following a jury trial of one count of conspiracy to possess with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846 (2000), one count of distribution of cocaine base within 1000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 860, one count of possession with intent to distribute more than five grams of cocaine base within 1000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), 860, and one count of possession with intent to distribute cocaine within 1000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 860, and his sentence of 360 months in prison and five years of supervised release. We affirm.

First, Jackson argues his indictment was insufficient under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because drug quantities were charged in the indictment and submitted to the jury, we find no error.

Second, Jackson argues the district court improperly amended the indictment by permitting the jury to consider drug quantities by means of a special interrogatory. Jackson also argues the district court submitted an improper jury instruction stating the evidence did not have to establish the alleged amount of cocaine, but rather that a measurable amount of cocaine or cocaine base was in fact the subject of the acts charged. Because Jackson failed to object to the jury instructions in the district court, we review for plain error. *See United States v. Kinter*, 235 F.3d 192, 199 (4th Cir. 2000). Under this standard, this Court exercises its discretion only to correct errors that are plain, material, or affecting substantial rights, and that seriously affect the fairness, integrity or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). When jury instructions

are challenged on appeal, the issue is whether, taken as a whole, the instructions fairly stated the controlling law. *United States v. Cobb*, 905 F.2d 784, 788-89 (4th Cir. 1990). We have reviewed the jury instructions and conclude, taken as a whole, the instructions fairly stated the controlling law.

Next, Jackson argues 21 U.S.C. § 860 is unconstitutional under the Commerce Clause. We reject Jackson's Commerce Clause argument finding it contrary to overwhelming authority. *See United States v. Woodson*, 300 F.3d 985, 992-93 (8th Cir. 2002) (collecting cases upholding § 860 against Commerce Clause challenges).

Jackson argues the evidence presented at trial was insufficient to support his conviction. A defendant challenging the sufficiency of the evidence to support a conviction "must overcome a heavy burden." *United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995). We must sustain the verdict if there is substantial evidence, taken in the light most favorable to the Government, to support the conviction. *Glasser v. United States*, 315 U.S. 60, 80 (1942). The jury weighs the credibility of the evidence, and credibility determinations are not susceptible to judicial review. *United States v. Burgos*, 94 F.3d 849, 863 (4th Cir. 1996) (en banc). We have reviewed the record and conclude the evidence was sufficient to support Jackson's conviction.

Next, Jackson argues the district court erred in calculating his sentence because the jury found the conspiracy involved at least fifty grams of cocaine base and the district court used a total of 30,010 grams of cocaine base to calculate his sentence under *U.S. Sentencing Guidelines* § 2D1.1 (2000). To the extent Jackson asks this Court to reconsider *Kinter*, we may not overrule the decision of a prior panel. *See Brubaker v. City of Richmond*, 943 F.2d 1363, 1381-82 (4th Cir. 1991). Because Jackson objected to the Pre-Sentence Report's quantity recommendations, we review the district court's findings regarding quantity at sentencing for clear error. *United States v. Williams*, 152 F.3d 294, 301 (4th Cir. 1998). We have reviewed the district court's determination and find no clear error.

Finally, Jackson appears to assert the record may include an ineffective assistance of counsel claim. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal unless the

trial record conclusively establishes ineffective assistance of counsel. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, ineffective assistance of counsel claims generally should be pursued in a 28 U.S.C. § 2255 (2000) proceeding. *See United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). Because review of the record in this appeal does not conclusively establish ineffective assistance of counsel, we conclude Jackson's claim should be brought, if at all, in a § 2255 proceeding, not on direct appeal.

We therefore affirm Jackson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*